IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21659-CIV-GOLD/O'SULLIVAN

DELLACASA, LLC,

    Plaintiff,

vs.

JOHN MORIARTY & ASSOCIATES
OF FLORIDA, INC., a Florida corporation,

    Defendant.
_____ /

## ORDER

THIS CAUSE came before the Court on TRG - Sunny Isles V, Ltd.'s[1] Emergency Motion to Intervene (DE# 73, 10/5/07) and Motion to Shorten Briefing Schedule (DE# ___, 10/5/07). Judge Gold referred the instant motions on October 5, 2007 (DE# 71). The parties have consented to magistrate judge jurisdiction as to the motion to intervene (DE# 75, 77-78, 10/10/07). Having held a hearing on October 9, 2007 and having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that intervenor's Motion to Shorten Briefing Schedule (DE# ___, 10/5/07) is **DENIED as moot**. It is further

ORDERED AND ADJUDGED that the intervenor's Emergency Motion to Intervene (DE# 73, 10/5/07) is **GRANTED**.

## BACKGROUND

The defendant, John Moriarty & Associates of Florida, Inc. (hereinafter "JMAF"),

---

[1] In this Order TRG - Sunny Isles V, Ltd. will be referred to as "intervenor."

was the general contractor for the Trump Tower I, a high-rise building. The plaintiff claims that "[o]n or about January 11, 2006, JMAF contracted with [the plaintiff] to supply and install all kitchen, bathroom and laundry cabinetry for [the Trump Tower I]." Id. at ¶ 8. "In connection with the cabinet work for the [Trump Tower I], [the plaintiff] created original cabinetry designs, which are embodied in original technical drawings copyrighted by [the plaintiff]. Id. at ¶ 10. "[O]n or about February 19, 2007, . . . JMAF terminated the subcontract and refused to pay . . . for materials and services furnished by [the plaintiff.]" Id. at 16. JMAF subsequently hired Italkitchen International, Inc. (hereinafter "Italkitchen"), a nonparty,[2] to manufacture and install cabinetry. Id. at 17. According to the plaintiff, JMAF provided Italkitchen and others with the plaintiff's copyrighted drawings to manufacture and produce the cabinetry. Id. at 18.

On June 28, 2007, the plaintiff brought the instant action against JMAF. See Complaint (DE# 1, 6/28/07). The plaintiff alleges the following causes of action: (1) copyright infringement under 17 U.S.C. § 101, et seq. (Counts I and II); unjust enrichment (Count III) and permanent injunctive relief (Count IV). Additionally, the plaintiff filed a Motion for Preliminary Injunction (DE# 2, 6/28/07) which is set for an evidentiary hearing on October 24-25, 2007 (DE# 47, 8/23/07).

On October 5, 2007, the intervenor filed the instant Emergency Motion to Intervene (DE# 73, 10/5/07). The intervenor is the developer or owner[3] of the Trump

---

[2] The plaintiff has advised the Court that it intends to seek leave to amend its Complaint to include Italkitchen as a defendant in this lawsuit.

[3] The plaintiff identifies the intervenor as the developer of the Trump Tower I. See Plaintiff's Memorandum of Law in Opposition to TRG-Sunny Isles V, Ltd.'s Emergency Motion to Intervene (DE# 70 at 3, 10/8/07). At the October 9, 2007 hearing, the intervenor identified itself as the owner of the subject building.

Tower I, the high-rise where the subject cabinetry was installed. The intervenor asserts that it is the rightful owner of the subject copyrights based on the construction contract (between the intervenor and JMAF) which was incorporated by reference in the subcontract agreement between JMAF and the plaintiff. Id. at 1, Exhibits 1 and 2. The intervenor seeks a declaration from the Court that it is the rightful owner of the subject copyrights. Id. at 2.

## LEGAL ANALYSIS

Having reviewed the intervenor's Emergency Motion to Intervene (DE# 73, 10/5/07) and Plaintiff's Memorandum of Law in Opposition to TRG-Sunny Isles V, Ltd.'s Emergency Motion to Intervene (DE# 70, 10/8/07)[4] and having heard from the intervenor and all parties at a hearing on October 9, 2007, the Court finds that the intervenor is entitled to intervention of right under Fed. R. Civ. P. 24(a)(2).  Alternatively, the Court finds that permissive intervention is warranted under Fed. R. Civ. P. 24(b)(2).

**A.   Intervention as a Matter of Right**

The Eleventh Circuit employs a four-part test for intervention that is drawn directly from Federal Rule of Civil Procedure 24(a)(2).  A party may intervene of right by establishing that:

(1)   the party's application to intervene is timely;

(2)   the party has an interest relating to the property or transaction which is the subject of the action;

(3)   the party is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and

(4)   the party's interest is not adequately represented by the existing parties to

---

[4] The defendant, JMAF, does not object to the instant motion to intervene. See Emergency Motion to Intervene (DE# 73 at 8, 10/5/07).

the suit.

Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." United States v. Georgia, 19 F.3d 1388, 1393 (11th Cir. 1994). Although the plaintiff and the intervenor addressed all four factors in their briefs, the most contested factors at the October 9, 2007 hearing were timeliness and whether the intervenor was adequately represented by JMAF.

### 1. Timeliness

Timeliness is not defined in Rule 24. The Eleventh Circuit considers four factors:

> 1. The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene . . . 2. The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case . . . 3. The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied . . . [and] 4. The existence of unusual circumstances militating either for or against a determination that the application is timely.

Meek v. Metropolitan Dade County, Fla., 985 F.2d 1471, 1478-79 (11th Cir.1993) (quotation omitted).

The intervenor has met the timeliness requirement in light of the aforementioned factors. The intervenor represents that it knew about the instant action since August 20, 2007. Although the intervenor waited 46 days before filing the instant motion to intervene, the intervenor was participating in the related state court action which was

mediated on September 27-28, 2007.[5] The mediation resulted in an impasse and the instant motion to intervene was filed only seven days after the mediation. The Court further notes that the instant case has been pending for three months and that the intervenor is willing to proceed as scheduled with the preliminary injunction hearing to avoid prejudice to the other parties.[6]

The Court finds that granting the instant motion to intervene will not prejudice the other parties. The defendant has no objection to the instant motion. The plaintiff claims it will be prejudiced if the instant motion is granted because it will incur additional expenses if the intervenor is allowed to reopen discovery. See Plaintiff's Memorandum of Law in Opposition to TRG-Sunny Isles V, Ltd.'s Emergency Motion to Intervene (DE# 70 at 4, 10/8/07). The plaintiff also argues that "[the intervenor] may likely seek to intervene at this stage merely to cause sufficient disruption at the upcoming [p]reliminary [i]njunction hearing . . . to ensure that the matter cannot be fully presented in the allotted two days." Id. The Court is not persuaded by the plaintiff's claimed prejudice. The intervenor has represented to the Court that if its motion is granted, it will attend the depositions that have already been scheduled in preparation for the preliminary injunction hearing and it does not intend to ask for any additional discovery

---

[5] Both the state court action and the instant action were mediated on September 27-28, 2007.

[6] Notably, the intervenor filed its Memorandum of Law in Opposition to Plaintiff's Verified Motion for Preliminary Injunction (DE# 73 at Exhibit A) and its Answer, Affirmative Defenses and Counterclaim (DE# 73 at Exhibit B) with its motion to intervene. These additional filings support the intervenor's contention that it does not seek to delay the proceedings.

prior to the October 24-25, 2007 preliminary injunction hearing.[7]

By contrast, the Court finds that the potential prejudice to the intervenor in denying the motion to intervene is significant. The intervenor takes the position that it is the owner of the subject copyrights and seeks declaratory relief as to its ownership rights. Additionally, the plaintiff seeks an "[o]rder [directing] JMAF to remove and destroy all cabinetry based on or which is substantially similar in appearance to [the plaintiff's] [c]opyrighted [d]rawings or [d]esigns" as part of the relief sought in its Motion for Preliminary Injunction (DE# 2 at 15, 6/28/07). The relief sought by the plaintiff would necessarily include cabinets in the Trump Tower I based on the allegations in the Complaint. The intervenor is the developer or owner of the Trump Tower I. Thus, the intervenor would be prejudiced if it were not allowed to intervene. Lastly, the Court finds that there are no "unusual circumstances militating either for or against a determination that the [motion] is timely." Based on the foregoing factors, the Court finds that the instant motion to intervene is timely.

### 2. Legally Protectable Interest

The Court finds that the intervenor has established a direct, substantial and legally protectable interest in the proceedings. The intervenor argues that, as the owner of the copyrights, it has "an interest relating to the very property or transaction at issue in this case." See Emergency Motion to Intervene (DE# 73 at 5, 10/5/07). The plaintiff argues that the intervenor cannot meet the second factor because it does not own the subject copyrights. See Plaintiff's Memorandum of Law in Opposition to TRG-Sunny

---

[7] As the case progresses, the intervenor may want to take additional depositions.

Isles V, Ltd.'s Emergency Motion to Intervene (DE# 70 at 5-7, 10/8/07). The plaintiff states that it "is undisputedly the author of its drawings and therefore is the copyright owner. Furthermore, [it] is the entity that registered its drawings for copyright, not [the intervenor]." Id. at 5. The plaintiff cites to the deposition transcript of Robert Nordling, JMAF's corporate representative, wherein Mr. Nordling apparently admitted that once JMAF terminated its contract with the plaintiff, JMAF could no longer use the plaintiff's drawings. Id. at 6. The plaintiff also relies on the stipulation made in the state court proceeding wherein "[the intervenor] willingly agreed to return the drawings, to remove [the plaintiff's] cabinetry, and not to infringe on [the plaintiff's] drawings." Id. at 7 n.1.

The plaintiff's arguments do not foreclose the ownership issue. Although the plaintiff created the drawings and copyrighted them, ownership could still be subject to attack. Moreover, Mr. Nordling's purported admission[8] that JMAF could no longer use the drawings cannot be imputed on the intervenor. As the corporate representative of JMAF, Mr. Nordling's statements cannot be attributed to the intervenor, a separate entity. Lastly, the Court is not persuaded by the transcript in the state court proceeding. A party can make certain concessions to avoid unnecessary litigation costs without waiving its rights in a separate proceeding.

### 3. Disposition of Action Will Impede Intervenor's Ability to Protect That Interest

The intervenor is so situated that the disposition of this litigation concerning the alleged copyright infringement of certain drawings, as a practical matter, may impair the

---

[8] The Court was provided with four out of 91 pages of Mr. Nordling's deposition testimony. Thus, the Court makes no legal conclusions as to the effect of Mr. Nordling's testimony on this action.

7

intervenor's ability to protect its interests in the subject copyrights. In adjudicating the plaintiff's Motion for Preliminary Injunction, the Court will necessarily need to determine whether the plaintiff has enforceable copyrights. If the Court rules in favor of the plaintiff, the intervenor's claimed ownership rights in those copyrights may be impeded if it is not allowed to intervene.

### 4. Adequate Representation of Interests

"There is a presumption of adequate representation where an existing party seeks the same objectives as the interveners. This presumption is weak . . . . Interveners need only show that the current plaintiff's representation may be inadequate, however, and the burden for making such a showing is minimal." Stone v. First Union Corp., 371 F.3d 1305, 1311 (11th Cir. 2004) (internal citation and quotation marks omitted). The plaintiff argues that "JMAF and [the intervenor] have the same ultimate objective in this case - both are seeking to show that [the plaintiff] does not own the copyright[s] on its drawings but rather that [the intervenor] is the owner of the copyright[s]." See Plaintiff's Memorandum of Law in Opposition to TRG-Sunny Isles V, Ltd.'s Emergency Motion to Intervene (DE# 70 at 8-9, 10/8/07). The Court disagrees. Although JMAF states an affirmative defense that the subject copyrights "are derivative works of architectural drawings which are owned by others[,]" JMAF does not specifically identify the intervenor as the owner of the subject copyrights. See Defendant's Answer, Affirmative Defenses, and Counterclaims (DE# 16 at 7 (Fifteenth Defense), 7/17/07).

JMAF's response to the Motion for Preliminary Injunction also shows that the intervenor's interests are not adequately represented by JMAF. See Defendant John

Moriarty & Associates of Florida, Inc.'s Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction (DE# 18, 7/18/07). JMAF argues that "the Subcontract Agreement and related contract documents clearly intend to transfer copyright ownership in the drawings from [the plaintiff] to the Developer . . . ." Id. at 9. However, JMAF identifies The Related Group as the developer, not the intervenor. Id. at 3.[9] Lastly, JMAF is not seeking a declaration as to the rightful owner of the subject copyrights. The intervenor seeks declaratory relief on the ownership issue. See Emergency Motion to Intervene (DE# 73 at 3, 10/5/07). Based on the foregoing, the Court finds that the intervenor's interests as a whole would not be adequately represented by JMAF.

    The Court concludes that the intervenor has satisfied the Eleventh Circuit's four part test for intervention. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989). The intervenor has filed a timely motion.  It has a direct, substantial and legally protectable interest in the proceedings, and it is so situated that the disposition of the case will, as a practical matter, impair the intervenor's ability to protect its interests in the subject copyrights. Lastly, the intervenor's interests in this matter are not adequately

---

   [9] It appears, from the brief excerpt of the deposition of Robert Nordling provided by the plaintiff, that JMAF may not be taking the position that the subject copyrights belong to the intervenor:

> Q:   All right. So would it be fair to say that JMA knew as of February 19, 2007 it couldn't use the [plaintiff's] drawings anymore?
>
> A:   That's correct, because we were no longer using [the plaintiff].

See Plaintiff's Memorandum of Law in Opposition to TRG-Sunny Isles V, Ltd.'s Emergency Motion to Intervene (DE# 70 at 6, 10/8/07).

represented by JMAF.

**B.     Permissive Intervention**

Alternatively, the Court finds that the intervenor is entitled to permissive intervention. "A party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989).  The Court has already found that the instant Emergency Motion to Intervene is timely. The Court also finds that the intervenor's claim of ownership of the subject copyrights is a question of law or fact in common with the main action. Thus, permissive intervention is proper under Rule 24(b)(2).

The plaintiff argues that the Court should not allow permissive intervention because "[the intervenor] is attempting to interject itself in this litigation to slow down the process and attempt to prevent resolution of Plaintiff's Motion for Preliminary Injunction at the upcoming hearing." Plaintiff's Memorandum of Law in Opposition to TRG-Sunny Isles V, Ltd.'s Emergency Motion to Intervene (DE# 70 at 11, 10/8/07). For the reasons noted above, the Court finds that the intervenor is not attempting to slow down the proceedings.

DONE AND ORDERED in Chambers at Miami, Florida this **11th** day of October, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Court Judge Gold
All counsel of record