IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**DELLACASA, LLC,**
**Plaintiff,**

vs.                                                    CASE NO. 07-21659-Civ-
                                                       Gold/O'Sullivan

**JOHN MORIARTY & ASSOCIATES**
**OF FLORIDA, INC. and**
**ITALKITCHEN INTERNATIONAL,**
**INC.,**
**Defendants**

**and**

**TRG – SUNNY ISLES V, LTD.**
**Defendant/Intervenor.**

_____

**DEFENDANT JOHN MORIARTY & ASSOCIATES OF FLORIDA, INC.'S**
**OPPOSITION IN RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO EXCEED**
**LIMITATIONS OF RULE 30, FED. R. CIV. P.**

Pursuant to Rule 30, Fed. R. Civ. P., Defendant John Moriarty & Associates of Florida, Inc.'s ("JMAF") hereby submits this opposition in response to Plaintiff, Dellacasa LLC's ("Dellacasa") Emergency Motion to Exceed Deposition Limitations of Rule 30, Federal Rules of Civil Procedure ("Motion to Exceed") [DE 119].

**INTRODUCTION**

It is entirely unclear from Dellacasa's Motion to Exceed, why it necessitates emergency treatment in light of the fact that Dellacasa has been engaged in discovery since as early as July 10, 2007.[1]  Absent any justification, Dellacasa seeks the ability to take more discovery than permitted by the Federal Rules of Civil Procedure.  For the reasons discussed herein, Dellacasa's Motion to Exceed must be DENIED.

_____

[1] This Court issued an Order Granting Plaintiff's Motion for Expedited Discovery on July 10, 2007. [DE 11].

1

CASE NO. 07-21659-Civ-Gold/O'Sullivan

**ARGUMENT**

**I.     LEGAL STANDARD**

Rule 30(a)(2)(A), Fed. R. Civ. P. states, in relevant part:

(2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties

(A) a proposed deposition would result in more than ten depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by third-party defendants…

A party seeking to exceed the presumptive number of depositions must make a "particularized showing of why the discovery is necessary." Mazur v. Lampert et al., 2007 U.S. Dist. LEXIS 13934, *5 (S.D. Fla. 2007); Butiminous Fire and Marine Ins. Corp. v. Dawson Land. Dev. Co., 2003 U.S. Dist. LEXIS 23766, *2 (M.D. Fla. 2003) quoting Daniels Midland Co. v. Aon Risk Services, Inc., 187 F.R.D. 578, 586 (D. Minn. 1999); see also Whittingham v. Amherst College, 163 F.R.D. 170 (D. Mass. 1995) (holding Federal Rules require a party to make a specific showing of necessity to take depositions in excess of limit provided).

The Court's decision of whether to grant a request to exceed the deposition limit is governed by the principles set out in Rule 26(b)(2), Fed. R. Civ. P.:

The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden of expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

2

CASE NO. 07-21659-Civ-Gold/O'Sullivan

Baker County Medical Services, Inc. v. McQuay International, 2007 U.S. Dist. LEXIS 1967, *4-5 (M.D. Fla. 2007).

**II.   DELLACASA HAS FAILED TO MEET ITS BURDEN**

Dellacasa argues that it should be allowed to exceed the deposition limit in order to "take the depositions that the parties had scheduled prior to the previously scheduled preliminary injunction hearing that were postponed due to the illness" of JMAF's counsel, Mr. Glass. Motion to Exceed, p.1.  Many of the depositions that Dellacasa scheduled prior to Mr. Glass' illness, were already in excess of the permitted ten (10) depositions, namely, those of Eran Ben-David, Sharyn Wood, and John Leete (JMAF), Stefano Carbonaro, and Stelios Margetis (Italkitchen). However, due to Mr. Glass' intervening hospitalization, these depositions were cancelled, and did not proceed on the dates set, October 15-16, 2007.  Dellacasa should not be allowed to re-notice these depositions.  The only deposition scheduled during Mr. Glass' hospitalization which may properly proceed is the continuation of the deposition of JMAF's corporate representative, Robert Nordling.  If Dellacasa is to conduct depositions in excess of the ten (10) permitted, Dellacasa would also be required to justify the necessity of each deposition previously taken without the leave of court.  Mazur, 2007 U.S. Dist. LEXIS 13934, *5 citing Barrow v. Greenville Indep. School Dist., 2002 F.R.D. 480, 482 (N.D. Tex. 2001).

In addition to the five (5) above-referenced depositions, Dellacasa claims that it also needs to conduct deposition of eight (8) additional witnesses who are employees of Defendant TRG – Sunny Isles V, Ltd. ("TRG"). [2]  In general terms, Dellacasa claims that each witness has

---

[2] In a good faith effort to resolve this dispute, JMAF, TRG, and Italkitchen agreed to allow the parties to take an additional two (2) depositions, over the number provided by the Federal Rules, so that the parties could conduct the depositions of each side's expert and one of TRG's employees, Joyce Bronson. JMAF, TRG, and Italkitchen advised Dellacasa of its position during a telephone conference earlier this week and prior to Dellacasa's filing of its Motion to Exceed.  Dellacasa rejected this proposal and filed its Motion to Exceed.

information integral to the presentation of evidence at the preliminary injunction hearing.

Dellacasa has been actively engaged in discovery for more than three (3) months. From August 2007 to the present, Dellacasa has conducted ten (10) depositions of both parties and non-parties including the following: (i) Rule 30(b)(6) Deposition of JMAF (Robert Nordling), which is scheduled to be continued on November 30, 2007; (ii) Rule 30(b)(6) Deposition of Defendant Italkitchen International, Inc. (Ted Platon); (iii) Rule 30(b)(6) Deposition of Olympia Plumbing, Inc. (Roberto Jimenez and Roberto Varela); (iv) Rule 30(b)(6) Deposition of Brastile, Inc. (Joseph Battat); (v) Rule 30(b)(6) Deposition of Allbrite Electric (Lloyd Gerber); (vi) Gustavo Aristias; (vii) Laura Rivas; (viii) Idalis Diaz; (ix) Jose Suarez (Seiger Suarez Architectural Partnership); and (x) Lucino Jimenez.

In addition to conducting ten (10) depositions, including one of a key witness identified in its Dellacasa's Motion for Preliminary Injunction (Joseph Battat of Brastile, Inc.), Dellacasa has propounded numerous written discovery requests and received thousands of pages of documents from JMAF, Italkitchen, and TRG. Dellacasa claims that it seeks the depositions of thirteen (13) additional witnesses because they will have information integral to the presentation of evidence at the *"preliminary injunction hearing"* which is scheduled for December 11-13, 2007. [DE 106]   Dellacasa seeks this Court's permission to take more than double than number of depositions allowed by the Federal Rules of Civil Procedure. Even in the most complex of cases, "absent a proper showing of necessity and good cause," such a request must be denied. Mazur, 2007 U.S. Dist. LEXIS 13934, *7-8.

Dellacasa's request, which comes only after newly-added Defendant Italkitchen International, Inc. ("Italkitchen") set a number of depositions, begs the question: didn't the first ten (10) witnesses deposed by Dellacasa have integral information to Dellacasa's case?

4

LOTT & FRIEDLAND, P.A. ● 355 ALHAMBRA CIRCLE ● SUITE 1100 ● CORAL GABLES, FL 33134
TELEPHONE: 305.448.7089 ● FACSIMILE: 305.446.6191

CASE NO. 07-21659-Civ-Gold/O'Sullivan

Otherwise, why would they have been deposed. Dellacasa's purported need to conduct and additional thirteen (13) depositions to prepare for the preliminary injunction hearing should be of great concern to the Court as it seems to indicate that Dellacasa is on a "fishing expedition" to find support for what is already a drastic remedy. Dellacasa's predicament (i.e. needing additional evidence to prove its case) is the result of its own failure to formulate a discovery plan that would maximize the procedural devices provided by the Federal Rule of Civil Procedure.

Most detrimental to Dellacasa's request is the fact that it has completely failed to provide *any* information to this Court about the expected testimony of the additional thirteen (13) witnesses that it seeks to depose. If Dellacasa can conclude that the information is "integral" to its case then certainly, it should be able to tell this Court how. Absent this information, it is possible to gauge the relevancy or weight that such testimony would have on this matter. Dellacasa has also failed to provide any basis for why thirteen (13) depositions are needed. JMAF, or this Court, is unable to ascertain whether the number of needed depositions would be cumulative or duplicative of prior testimony or whether such information can be obtained through other discovery devices.

In what can only been construed as a desperate effort, Dellacasa seems to argue that because JMAF has identified more than ten (10) individuals who may have some knowledge concerning the situation in its initial disclosures that Dellacasa is entitled to take more depositions than allowed by the Federal Rules. This conclusion is illogical and unsupported. JMAF properly identified those individuals "likely to have discoverable information that the disclosing party *may* use to support its claims or defenses." Rule 26(a), Fed. R. Civ. P. It seems elementary, yet not surprising, that Dellacasa takes no responsibility for failing to decide which of those individuals identified by JMAF it makes most sense to depose. Prior to taking any

5

LOTT & FRIEDLAND, P.A. ● 355 ALHAMBRA CIRCLE ● SUITE 1100 ● CORAL GABLES, FL 33134
TELEPHONE: 305.448.7089 ● FACSIMILE: 305.446.6191

deposition, it is up to Dellacasa to assess whether or not a deposition of that witness is truly necessary, based in part on the time and expense that even a single deposition incurs for all parties involved.  <u>Mazur</u>, 2007 U.S. Dist. LEXIS 13934, *7.  Parties must also take into account the standard 10-deposition limit when making their assessments and discovery plans.  <u>Id</u>.

In requesting the additional depositions, Dellacasa does not directly address the criteria of Rule 26(b)(2) nor does it make any particularized showing of why these additional depositions are necessary.  <u>Baker County Medical Services, Inc.</u>, 2007 U.S. Dist. LEXIS 1967, *5.  Lacking this information, this Court cannot justifiably grant Dellacasa's Motion to Exceed and allow it to take an additional thirteen (13) depositions.

Even if this Court were inclined to grant, or partially grant, Dellacasa's Motion to Exceed, depositions have already been noticed and scheduled by Italkitchen for every available date between now and the December 3, 2007 discovery cut-off. [DE 106].   The parties' counsel spent hours corresponding via e-mail, telephone, and facsimile in order to coordinate available times for Italkitchen's noticed depositions.  Therefore, it would be a physical impossibility for Dellacasa to conduct any additional depositions as every single day between now and December 3, 2007 is reserved for Italkitchen's depositions or unavailable for one or more parties.

In light of the foregoing, JMAF respectfully requests that Dellacasa's Motion to Exceed be DENIED.

 Dated: November 1, 2007                     Respectfully submitted,

**LOTT & FRIEDLAND, P.A.**

s/Janet C. Moreira-Gamble
Leslie J. Lott, Esq.
Florida Bar No. 182196
Janet C. Moreira-Gamble, Esq.
Florida Bar No. 597090

CASE NO. 07-21659-Civ-Gold/O'Sullivan

355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 448-7089
Facsimile: (305) 446-6191
E-mail: ljlott@lfiplaw.com
E-mail: jmoreira-gamble@lfiplaw.com

**JAMES E. GLASS ASSOCIATES**

James E. Glass, Esq.
Florida Bar No. 029093
721 San Bruno Avenue
Coral Gables, Florida 33143
Telephone: (305) 667-5049
Facsimile: (786) 268-0189
E-mail: jhglass@bellsouth.net

*Attorneys for Defendant John Moriarty & Associates of Florida, Inc.*

**CASE NO. 07-21659-Civ-Gold/O'Sullivan**

CERTIFICATE OF SERVICE

      I hereby certify that on November 1, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      s/ Janet C. Moreira-Gamble
      Janet C. Moreira-Gamble

SERVICE LIST
Dellacasa, LLC vs. John Moriarty & Associates of Florida, Inc.
Case No. 07-21659-Civ-Gold/O'Sullivan
United States District Court, Southern District of Florida

Jennifer Nichols Walker, Esq.
Jennifer.walker@ruden.com
Matthew Scott Nelles, Esq.
Matt.nelles@ruden.com
Ruden, McClosky, Smith, Schuster
& Russell, P.A.
200 East Broward Boulevard, 15th Floor
Post Office Box 1900
Fort Lauderdale, FL   33302
Telephone (954) 527-6272
Facsimile  (954) 333-4272

Counsel for Plaintiff
(via electronic service)

George Louis Sigalos
ssspaoffic@aol.com
Simon Sigalos & Spyredes, P.A.
3839 N.W. Boca Raton Blvd.
Suite 100
Boca Raton, FL   33431
Telephone  (561) 447-0017
Facsimile  (561) 417-0018

Counsel for Defendant Italkitchen

Mark F. Raymond, Esq.
mraymond@broadandcassel.com
Broad and Cassel
Patricia Baloyra
pbaloyra@broadandcassel.com
One Biscayne Tower
2 South Biscayne Blvd., 21st Floor
Miami, FL   33131
Telephone (305) 373-9425
Facsimile (305) 995-6385

Counsel for Plaintiff
(via electronic service)

Marlene K. Silverman, Esq.
SilvermanM@gtlaw.com
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, FL 33131
Telephone (305) 579-0500
Facsimile (305) 579-0717

Counsel for Defendant/Intervenor TRG

CASE NO. 07-21659-Civ-Gold/O'Sullivan

Glenn E. Goldstein, Esq.
GoldsteinG@gtlaw.com
Avi Benayoun, Esq.
BenayounA@gtlaw.com
Greenberg Traurig, P.A.
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, FL 33301
Telephone (954)765-0500
Facsimile (954) 765-1477
Counsel for Defendant/Intervenor TRG