IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21659-CIV-GOLD/O'SULLIVAN

DELLACASA, LLC,

       Plaintiff,

vs.

JOHN MORIARTY & ASSOCIATES
OF FLORIDA, INC., a Massachusetts
corporation and ITALKITCHEN,
INTERNATIONAL, INC., a Florida corporation,

       Defendants.
and

TRG - Sunny Isles V, Ltd.

       Defendant/Intervenor
_____/

## AMENDED ORDER[1]

THIS MATTER came before the Court on Defendant John Moriarty & Associates of Florida, Inc.'s Motion to Compel Dellacasa's Response to Interrogatory No. 22 (DE# 118, 10/29/07), Plaintiff's Emergency Motion to Exceed Deposition Limitations of Rule 30, Federal Rules of Civil Procedure (DE# 119, 10/30/07) and Plaintiff's Motion to Compel Discovery from Defendant, Italkitchen, Inc. and Incorporated Memorandum of Law (DE# 125, 11/1/07). Having reviewed the applicable filings and the law and having heard from the parties at a hearing on November 2, 2007, it is

---

[1] The prior Order [106] incorrectly stated that counsel shall meet after the November 12, 2007 deposition to determine if the information requested in interrogatory 22 is still necessary. This Order is amended to state that counsel shall meet after the **November 5, 2007** deposition to make this determination.

ORDERED AND ADJUDGED that Defendant John Moriarty & Associates of Florida, Inc.'s Motion to Compel Dellacasa's Response to Interrogatory No. 22 (DE# 118, 10/29/07) is **GRANTED in part and DENIED in part**. After the deposition on Monday, November 5, 2007, counsel shall meet to determine if the information requested in interrogatory 22 is still necessary. If the information is deemed necessary, the plaintiff shall identify which elements of the copyrighted drawings it believes have been misappropriated on or before **Friday, November 9, 2007**. It is further

ORDERED AND ADJUDGED that Plaintiff's Emergency Motion to Exceed Deposition Limitations of Rule 30, Federal Rules of Civil Procedure (DE# 119, 10/30/07) is **GRANTED in part and DENIED in part**.

A party seeking to exceed the ten (10) deposition limit set forth in Fed. R. Civ. P. 30 "must make a particularized showing why extra depositions are necessary." Mazur v. Lampert, Case No. 04-61159-CIV, 2007 WL 676096, 1 (S.D. Fla. Feb. 28, 2007) citing Barrow v. Greenville Indep. School Dist., 202 F.R.D. 480, 482 (N.D. Tex.2001). For the reasons stated at the November 2, 2007 hearing, the Court finds that the plaintiff has **not** made a specific showing of necessity as to the following witnesses: Matt Allen, Phil Azan, Christina Cuervo, Tom Daly, Jr., John Hopwood and Jorge Perez. The Court finds that the plaintiff has met its burden as to Tom Daly, Sr. Accordingly, the plaintiff may depose Mr. Daly. Mr. Daly's deposition shall not exceed two (2) hours. The plaintiff may also depose Joyce Bronson. Ms. Bronson's deposition shall not exceed three (3) hours. The plaintiff is also permitted to depose the following witnesses which

were previously noticed without objection and cancelled due to attorney James Glass' hospitalization: Stelios Margetis, Stefano Carbonara, Sharyn Wood, Eran Ben-David and John Leete. The total time allotted for the foregoing five (5) depositions is seven (7) hours. It is further

ORDERED AND ADJUDGED that Italkitchen shall file its response to Plaintiff's Motion to Compel Discovery from Defendant, Italkitchen, Inc. and Incorporated Memorandum of Law (DE# 125, 11/1/07) by **10:00 AM on Friday, November 9, 2007**.

DONE AND ORDERED in Chambers at Miami, Florida this **2nd** day of November, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

United States District Court Judge Gold
All counsel of record