IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21659-CIV-GOLD/O'SULLIVAN

DELLACASA, LLC,

        Plaintiff,

vs.

JOHN MORIARTY & ASSOCIATES
OF FLORIDA, INC., a Massachusetts
corporation and ITALKITCHEN,
INTERNATIONAL, INC., a Florida corporation,

        Defendants.
and

TRG - Sunny Isles V, Ltd.

        Defendant/Intervenor
_____/

## ORDER

THIS MATTER came before the Court on Plaintiff's Motion to Compel Discovery from Defendant, Italkitchen, Inc. and Incorporated Memorandum of Law (DE# 125, 11/1/07). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Compel Discovery from Defendant, Italkitchen, Inc. and Incorporated Memorandum of Law (DE# 125, 11/1/07) is **DENIED**. It is further

ORDERED AND ADJUDGED that the plaintiff and ltalkitchen's requests for attorney's fees and costs are **DENIED**.

The plaintiff seeks to compel the production of documents in response to Requests Nos. 1 through 4 of its First Request for Production directed to

defendant Italkitchen. Requests Nos. 1 through 4 seek the following:

    1.    Copies of all drawings and designs prepared by Dellacasa in your possession, whether maintained in hard copy form or electronically, including those for Harbour House and Carillon.

    2.    Copies of all iterations of [Italkitchen]'s technical drawings for cabinets to be installed in Harbour House or Carillon, whether maintained in hard copy form or electronically.

    3.    All correspondence received or generated by you concerning whether any cabinetry installed in Harbour House or Carillon infringes Dellacasa's drawings and designs for those projects including all opinion letters from attorneys.

    4.    All internal documents, correspondence and communications concerning: a) Dellacasa; or b) Dellacasa's drawings and designs relating to Harbour House or Carillon.

See Plaintiff's Motion to Compel Discovery from Defendant, Italkitchen, Inc. and Incorporated Memorandum of Law (DE# 125 at Exhibit A, 11/1/07).

Italkitchen raised numerous objections to Requests Nos. 1 through 4 including that the requests "seek[ ] information or materials which are not relevant to the claim or defense of any party, and [are] not reasonably calculated to lead to the discovery of admissible evidence." See Plaintiff's Motion to Compel Discovery from Defendant, Italkitchen, Inc. and Incorporated Memorandum of Law (DE# 125 at Exhibit B, 11/1/07). The plaintiff argues that the documents related to the Carillon and Harbour House projects are discoverable in the instant case because they show a pattern by Italkitchen with respect to Dellacasa's drawings. For the reasons stated below, this Court finds that the plaintiff is not entitled to discovery concerning the Carillon and Harbour House projects.[1]

---

[1] Although, Request for Production No. 1 encompasses all of the plaintiff's drawings and designs in Italkitchen's possession, including drawings and designs for the Trump Tower I, II and III project, an order compelling the production of the

Rule 26 (b)(1) defines the scope of discovery. It provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1) (emphasis added).

Subdivision (b)(1) was amended in 2000. The Advisory Committee Notes to the 2000 Amendment explain that the Committee was concerned with "overbroad discovery" and intended for "the parties and the court to focus on the actual claims and defenses involved in the action." Fed. R. Civ. P. 26, Advisory Comm. Notes, 2000 Amendment. "The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Id. When broader discovery is sought, the Court should determine the scope "according to the reasonable needs of the action, . . . depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested." Id.

Here, the plaintiff has asserted the following causes of action against Italkitchen: copyright infringement, unjust enrichment and permanent injunctive relief. See Amended Complaint (DE# 87, 10/15/07). These causes of action

---

Trump Tower documents is unnecessary because the Court has previously ordered Italkitchen to produce them. See Order (DE# 48, 8/23/07) (requiring that Italkitchen produce certain documents in response to the plaintiff's subpoena duces tecum).

relate to the Trump Tower I, II and III project and do not involve the Carillon and Harbour House projects. Thus, the actual claims and defenses in the instant action concern the Trump I, II and III project.  The Court finds that discovery requests directed to the Carillon and Harbour House projects do not relate to an actual claim or defense in the instant action. The Court further finds that the plaintiff has not shown good cause to expand discovery under the broader "subject matter" standard. See Collens v. City of New York, 222 F. R. D. 249, 253 (S.D. N.Y. 2004)(noting that "[w]hile Rule 26(b)(1) still provides for broad discovery, courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions or past wrongdoing not related to the alleged claims or defenses." ).

    The Court is unpersuaded by the plaintiff's case law. The plaintiff's reliance on Jones v. Childers, 18 F. 3d 899, 913 (11th Cir. 1994) is misplaced. In Childers, the plaintiff, a professional athlete brought a lawsuit against his agent and financial advisor for fraud, negligence, breach of contract and Florida civil RICO violations. Id. at 901. At trial, other professional athletes testified about the investment transactions between themselves and the defendants. Id. at 913. The Eleventh Circuit held that "[a]lthough [other athletes] and their investment transactions [we]re not directly related to the case at hand, the [plaintiff] properly offered this testimony as relevant to establishing the continuity prong of the alleged RICO violation." Id. Thus, Childers is distinguishable from the instant case because Childers involved a civil RICO claim permitting the plaintiff in Childers to use testimony from other athletes to establish an element of that

claim.

The plaintiff also cites to Newberry Square Development Corporation v. Southern Landmark, Inc., 578 So. 2d 750 (Fla. 1st DCA 1991). In Newberry, Southern Landmark entered into a contract to construct a shopping center for Newberry. When the work was not completed within the dates specified by the contract, Newberry withheld payment of the outstanding contract balance. "Southern Landmark . . . filed an action to recover damages related to the delays which it contended were attributable to Newberry . . . ." Id. at 752. On appeal, "Newberry . . . argue[d] that Southern Landmark should not have been allowed to present evidence as to the delays and difficulties which occurred on . . . two [other] construction projects which were not part of the contract . . . ." Id. The appellate court rejected Newberry's argument because Newberry's delays on the other projects affected Southern Landmark's ability to perform on the subject contract. Id. Thus, unlike the instant case, the other projects in Newberry directly affected the plaintiff's ability to meet its contract deadlines.

The plaintiff further argues that the documents requested are necessary to refute Italkitchen's "innocent copying" affirmative defense.[2] See Dellacasa's

---

[2]The innocent copying defense is not a true affirmative defense. It is a limitation on damages. "The Copyright Act is a strict liability regime under which any infringer, whether innocent or intentional, is liable. The exception for innocent infringers allows for a reduction of minimum statutory damages . . . where the infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." Gener-Villar v. Adcom Group, Inc., 509 F. Supp.2d 117, 124 (D. Puerto Rico 2007) (internal citation and quotation marks omitted); see also Repp. v. Webber, 132 F.3d 882, 889 (2d Cir.1997) ("The fact that infringement is 'subconscious' or 'innocent' does not affect liability . . . .").

Reply in Support of its Motion to Compel Discovery from Defendant, Italkitchens, Inc. and Incorporated Memorandum of Law (DE# 142 at 3, 11/13/07). The plaintiff's argument is unpersuasive. In affirmative defense seventeen, "Italkitchen states that Plaintiff's claims are barred because any possession of the Plaintiff's drawings by Italkitchen was inadvertent and any copying which occurred was without intent to infringe on any alleged copyright material." See Defendant Italkitchen, International, Inc.'s Answer and Affirmative Defenses to the Amended Complaint (DE# 131 at 13, 11/5/07). Assuming, arguendo, that the plaintiff prevailed on its infringement claim and that the "innocent copying" defense was available to Italkitchen, Italkitchen would have the heavy burden of showing that it "was not aware and had no reason to believe that [its] acts constituted an infringement of copyright" on the plaintiff's drawings for the Trump Tower I, II and III project. 17 U.S.C. § 504(C)(2). In the instant case, the plaintiff's alleged copyright claims are contained on the face of the plaintiff's Trump Tower drawings. Italkitchen's alleged actions concerning the Carillon and Harbour House projects have no bearing on this affirmative defense.

## **CONCLUSION**

Although the plaintiff correctly states that discovery rules should be liberally construed, Hickman v. Taylor, 329 U.S. 495, 507 (1947), they must nonetheless be limited by other considerations such as reasonableness, relevance and burdensomeness. Discovery concerning the Carillon and Harbour House projects are beyond the actual claims and defenses asserted in the instant case. Additionally, the plaintiff has not made the requisite showing of

good cause to expand discovery to the broader "subject matter" standard in Rule 26(b)(1). Accordingly, Plaintiff's Motion to Compel Discovery from Defendant, Italkitchen, Inc. and Incorporated Memorandum of Law (DE# 125, 11/1/07) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this **16th** day of November, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Court Judge Gold
All counsel of record